# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| **LARRY WHITLOCK,** Individually, and on behalf of himself and other similarly situated current and former employees**,** | )<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )  No.: _____<br>) |
| **SEVIER COUNTY, TENNESSEE,** | )  **FLSA OPT-IN COLLECTIVE ACTION**<br>) |
| **Defendant.** | )  **JURY DEMANDED**<br>) |

## COLLECTIVE ACTION COMPLAINT

Comes now the Plaintiff, Larry Whitlock, on behalf of himself and other similarly situated employees, and for his Collective Action Complaint against Defendant Sevier County, Tennessee, shows as follows:

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the

1

FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff and putative class members for all hours of work at the rates required by the FLSA. Plaintiff and putative class members routinely worked in excess of forty (40) hours per week but were not paid overtime for doing this excessive work. Instead, Defendant either misclassified Plaintiffs as exempt from the protections of the FLSA or ignored the FLSA altogether by failing to pay proper regard to the number of hours Plaintiff and putative class members actually worked or guarantee proper payment of the overtime wage.

## II. PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is an adult citizen and resident of Jefferson County, Tennessee.

4. Defendant is a political subdivision organized under the laws of the State of Tennessee, with the power to sue and be sued in its own name. Defendant operates an Emergency Medical Services (EMS) Department, which is a distinct and separate department from the Fire and Police Departments. Defendant's EMS Department provides emergency medical services to the citizens and residents of Sevier County, as well as to other persons within Sevier County. Defendant also operates a Fire Department to provide fire suppression services to the citizens and residents of Sevier County, as well as to other persons within Sevier County. Defendant is located within the United States District Court for the Eastern District of Tennessee, Knoxville Division.

5. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Venue appropriately lies in this District and in this Division pursuant to 28 U.S.C. § 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division and the Defendant has extensive

2

and deliberate contacts in this Division.

6. Mr. Whitlock is a current employee of Defendant and is a covered employee under the FLSA. Defendant Sevier County, Tennessee, engages in interstate commerce and is a covered employer under the FLSA. Plaintiff Whitlock's Consent to Join is attached hereto as *Exhibit A*.

7. Although one legal entity, Defendant is comprised of multiple departments that have distinct and defined responsibilities. One such department is the "Emergency Medical Service/Ambulance Division" ("EMS").

### III. CLASS DESCRIPTION

8. Plaintiff Larry Whitlock, an hourly paid Paramedic within Defendant's EMS Department, brings this action on behalf of himself and the following similarly situated class of EMS Department employees and seeks to certify and represent a collective class of current and former Paramedics and Emergency Medical Technicians of Defendant's EMS Department pursuant to 29 U.S.C § 216 (b) of the Fair Labor Standards Act ("FLSA"), as follows:

> All current and former employees of Sevier County's EMS Department who were paid an hourly rate and were paramedics and/or emergency medical technicians in and, who work (or have worked) at said EMS Department at any time during the applicable limitation's period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the

Paramedic/EMT Class").[1]

### III. COVERAGE

9. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff Whitlock and the Paramedic/EMT Class.

10. At all times hereinafter mentioned, Defendant was a covered "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(d), because it is a "public agency."

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff Whitlock and the Paramedic/EMT Class were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

### IV. FACTS

14. Mr. Whitlock began working for Defendant part time in 1987 and became a full time employee in 1991 as a Paramedic in its EMS Department.

---

[1] Plaintiff reserves the right to modify or amend the "Paramedic/EMT" Class Description upon newly discovered information gathered through the discovery process.

4

15. Defendant's EMS Department is almost entirely comprised of hourly paid paramedics and emergency medical technicians ("Paramedics/EMTs") whose primary duties consist of responding to a variety of medical calls ranging from minor, non-emergency matters to calls of life-threatening medical conditions.

16. Paramedics/EMTs work in ambulance crews which consist of a mix of paramedics and EMTs and are typically stationed in their own facilities provided by Defendant. Likewise, they generally do not share equipment with other departments. Defendant's EMS Department is completely separate from Defendant's Fire and Police departments. Paramedics/EMTs of Defendant's EMS Department are treated separately from Defendant's Fire and Police departments and serve completely separate and distinct functions, have a separate chain of command, have some separate facilities, have separate policies and procedures, have separate schedules, and have separate compensation terms.

17. The work and pay records of Plaintiff and the putative class are in the possession, custody, and/or control of Defendant, and Defendant is under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

18. Plaintiff and the Paramedic/EMT Class are not employees of Defendant's Fire or Police departments.

19. Paramedics/EMTs typically work twenty-four hour shifts that begin at 8:00 am and end at 8:00 am the following day, followed by approximately two (2) days off duty. In other words, Paramedics/EMTs worked one (1) regular shift every third day, which produced a pattern of

5

work of forty-eight (48) hours or seventy-two (72) hours per week, depending on whether a particular week included two (2) or three (3) shifts of duty. Defendant's policy is to deduct Paramedics/EMTs' pay two (2) hours of time per 24 hour shift, which is purportedly to represent time spent for meals and rest breaks (two (2) thirty (30) minute meal breaks and four (4) fifteen (15) minute rest breaks). This results in the Paramedics/EMTs only being compensated at their straight time rate for twenty-two (22) hours for every twenty-four (24) hour shift unless that shift results in work over twenty-four (24) hours (*e.g.*, the shift lasts 26 hours).

20. Paramedics/EMTs in the EMS Department were not assigned to fire suppression duties, regularly worked in excess of forty (40) hours per week, generally working one full twenty-four (24) hour shift every third day, totaling either forty-eight (48) hours or seventy-two (72) hours per work week.

21. Paramedics/EMTs did not receive the correct over-time pay as required by the FLSA. Per Defendant's custom and policy, Paramedics/EMTs are only paid overtime (1.5 times their regular rate) for working past their standard twenty-four (24) hour shift. Even then, Paramedics/EMTs sometimes are only compensated with "comp time" to be used at a later date and only paid at the straight time rate.

22. Per Defendant's custom and policy, when Paramedics/EMTs pick up extra shifts they are only paid with "comp time."

23. Mr. Whitlock and the other Paramedics/EMTs routinely work two (2) to three (3) 24-hour shifts during a workweek.

24. Despite working over forty (40) hours in a single workweek, neither Plaintiff Whitlock nor the other Paramedics/EMTs ever receive overtime compensation for hours worked over forty (40) unless they work over twenty-four (24) hours in a particular shift and the EMS

Department chooses to compensate them at 1.5 times their regular rate instead of "comp time." Otherwise they only receive their regular rate of pay or "comp time."

25. Defendant maintained a policy that required Plaintiff to regularly work "off the clock." This caused Plaintiff and similarly situated employees to perform work without receiving their hourly rate of pay for all hours worked. In some workweeks, this caused Plaintiff and other similarly situated employees to work more than forty (40) hours without receiving the correct overtime compensation for the hours worked beyond forty (40) in that workweek.

26. In certain months throughout the year (typically months with 31 calendar days), Plaintiff Whitlock and the other Paramedics/EMTs regularly work eleven (11) shifts or four (4) shifts in a particular week, but are only paid for ten (10) shifts or three (3) for that week during said pay period(s), resulting in an entire shift being uncompensated. Defendant's aforementioned unlawful "off the clock" policy is a result of Plaintiff Whitlock and putative class members being paid two (2) times per month rather than every two (2) weeks or biweekly.

27. At all times relevant to this Collective Action Complaint, Plaintiff and the members of the proposed class were not regularly engaged in fire protection or law enforcement activities during their employment with Defendant, nor were dispatched to perform fire suppression duties at fire suppression or law enforcement situations.

28. Plaintiff and putative class members did not have the legal authority and responsibility to engage in fire suppression during the relevant time period.

29. With regard to meal times, Defendant did not meet the strict requirements of 29 C.F.R. §§ 553.223, 785.19, and 785.22 to automatically deduct one (1) hour (consisting of two (2) thirty (30) minute meal breaks) from each shift as non-compensable time for "bona fide meal periods." Plaintiff was not completely relieved from duty for the purpose of eating regular meals, but instead was required to perform his regular duties while eating. In addition, Defendant did not

7

monitor any shift to ensure that each employee actually received the full one-hour allotted time for meal periods as reflected in the deductions from their compensable time, nor were employees compensated for actual, emergency calls to duty that occurred while they were eating their meals.

30. With regard to rest periods, Defendant automatically deducted one (1) hour (consisting of four (4) fifteen (15) minute rest periods) from each shift as non-compensable time for "bona fide rest periods" in direct violation of 29 C.F.R. § 785.18.

31. County and EMS department officials are aware of the obligation to pay overtime compensation, as other hourly employees of the Defendant are paid overtime compensation. Those officials, however, have willfully chosen to deny the Paramedics and EMTs of the EMS Department the rights afforded them under the FLSA. This is despite these employees' complaints and Defendant's knowledge of the extremely long hours worked by these employees.

32. At all times relevant to this Collective Action Complaint, Plaintiff was a good and faithful employee of Defendant and consistently performed all of the essential functions of his job in an acceptable and competent manner.

33. Defendant's violations of the FLSA were willful and were in complete disregard of the rights of Mr. Whitlock and his Paramedic/EMT colleagues.

## V. COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff re-alleges and incorporates paragraphs 1–33 as if fully set forth herein.

35. Plaintiff and Class Members were subjected to the same pay provisions and violations in that they were employed as hourly-paid Paramedics/EMTs and not compensated for all hours worked and not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

36. Defendant's failure to compensate EMS department employees for all hours worked and

8

Case 3:18-cv-00233-HSM-HBG   Document 1   Filed 06/12/18   Page 8 of 12   PageID #: 8

hours worked in excess of forty (40) in a workweek as required by the FLSA results from a policy or practice of paying only regular time for overtime hours, paying only "comp time" for overtime hours worked and by automatically deducting 2 hours of compensable time from each twenty-four (24) hour shift worked by Plaintiff and Class Members. These policies or practices were applicable to Plaintiff and Class Members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices, which resulted in the non-payment of overtime and all hours worked, that applied to Plaintiff applied to all Class Members.

37. Defendant was aware of its obligation to pay overtime to Plaintiff and Class Members and failed to do so. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

## VI. CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. Plaintiff re-alleges and incorporates paragraphs 1–37 as if fully set forth herein.

39. This action is maintainable as an opt-in collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

40. Pursuant to the FLSA "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

41. Mr. Whitlock is similarly situated to current and former Paramedics/EMTs in that they all had/have similar job duties (i.e. responding to medical calls, transporting medical patients via ambulance, and performing basic medical procedures), similar supervisors, similar

9

Case 3:18-cv-00233-HSM-HBG   Document 1   Filed 06/12/18   Page 9 of 12   PageID #: 9

compensation terms, similar policies to which they are subject, and similar damages.

42. Mr. Whitlock is a representative of those other current and former Paramedics/EMTs and is acting on behalf of their interests as well as his own interest in bringing this action.

43. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating such employees for their work in excess of forty (40) hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff and Class Members in accordance with the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Larry Whitlock, on behalf of himself and other similarly situated employees, prays for the following relief:

1. Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all current and former Paramedics/EMTs who, during the three (3) years immediately preceding the filing of this action, worked more than forty (40) hours during any workweek and did not receive overtime compensation, to inform them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;
2. A jury be empaneled to decide all disputed issues of fact;
3. A declaratory judgment that Defendant violated the overtime wage and record-keeping provisions of the FLSA;
4. A declaratory judgment that Defendant's violations of the FLSA were willful;
5. A permanent injunction prohibiting Defendant's continued violations of the FLSA;

6. An award to Plaintiff and other opt-in parties of damages in the amount of unpaid wages and overtime compensation to be proven at trial;

7. An award to Plaintiff and other opt-in parties of post-judgment interest and/or liquidated damages in an amount equal to the overtime compensation shown to be owed them pursuant to 29 U.S.C § 216(b);

8. An award to Plaintiff and other opt-in parties of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

9. An award of such other and further legal and equitable relief as may be appropriate under the facts of this case.

Dated: June 12, 2018

Respectfully submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN Bar No. 08323)
James L. Holt, Jr. (TN Bar No. 012123)
J. Russ Bryant (TN Bar No. 33830)
Paula R. Jackson (TN Bar No. 20149)
**JACKSON, SHIELDS, YEISER & HOLT**
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

&

Robert P. Williams* (TN Bar No. 026939)
R.P. Williams Law Firm, PLLC
265 North Lamar Blvd, Suite W-South
Oxford, Mississippi 38655
Office: (662) 234-3838
Fax: (662) 769-9992
*robert@williamslawms.com*

*\*Admission Anticipated*

11

*Attorneys for Named Plaintiff and
the Putative Class*