UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

LARRY WHITLOCK, individually and )
on behalf of himself and all other similarly )
situated current and former employees, )
)
*Plaintiff,* )
) Case No. 3:18-cv-233
v. )
)
) Judge Mattice
SEVIER COUNTY, TENNESSEE, ) Magistrate Judge Guyton
)
*Defendant.* )
)

# ORDER

Before the Court is the parties' Joint Motion to Approve FLSA Settlement [Doc. 99], seeking settlement of the claims brought by Plaintiff Larry Whitlock pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. The parties seek approval of the settlement, an award of attorneys' fees and expenses to Plaintiffs' counsel, a service recognition payment to named Plaintiff Larry Whitlock, and the dismissal of all claims of the settling Plaintiffs with prejudice. The Court finds that the terms of the Settlement Agreement [Doc. 99-1], including the proposed attorneys' fee award, are fair, adequate, and reasonable under the circumstances. Accordingly, the Court will **GRANT IN PART** the Joint Motion [Doc. 99] as set forth herein and the parties will be ordered to file a joint stipulation of dismissal.

I. **STANDARD OF REVIEW**

There are two ways in which FLSA claims may be settled and released by an employee. First, under § 216(c), employees may settle and release claims under the FLSA if payment of unpaid wages by the employer is supervised by the Secretary of Labor.

29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a lawsuit brought by an employee against his or her employer under § 216(b), the employee may settle and release FLSA claims if the parties present to the court a proposed settlement agreement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *Rampersad v. Certified Installation, LLC.*, No. 1:12-cv-32, 2012 WL 5906878, at *1 (E.D. Tenn. Nov. 26, 2012). This second circumstance is before the Court, as Plaintiffs brought claims pursuant to § 216(b) and now propose a settlement agreement.

The Eleventh Circuit has detailed the circumstances justifying court approval of an FLSA settlement in the private litigation context, stating:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food*, 679 F.2d at 1354.

Where the settlement includes an award of attorneys' fees, the fees should be reasonable. *Hall v. Zoder's Court, Inc.*, No. 3:16-cv-159, 2016 WL 6496244, *2 (E.D. Tenn. Nov. 2, 2016). To determine whether an award is reasonable, courts often consider the following factors: "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits

2

in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

## II. ANALYSIS

Plaintiff Larry Whitlock, on behalf of himself and others similarly situated, claims that Defendant Sevier County, Tennessee, violated certain overtime compensation provisions of the FLSA. [Doc. 38]. The Court granted conditional certification of a collective action on April 19, 2019. [Doc. 56]. The parties propose to settle the action pursuant to a written Settlement Agreement which has been submitted to the Court. Under the Settlement Agreement, the total gross sum of $900,000.00 reflects the entire amount Defendant will pay, not including payroll taxes on the wages portion of the settlement. [Doc. 99-1 at 4]. This total includes: (1) $580,000.00 for Plaintiffs who have settled; (2) a service payment of $20,000 to the Named Plaintiff; $19,000.00 for litigation costs and expenses; and $281,000.00 for attorneys' fees. [*Id.* at 6–7]. Each settling Plaintiff will receive an amount based on a formula calculating the allegedly incorrect or unpaid time. [*Id.* at 17-19].

After reviewing the Joint Motion [Doc. 99], the Court is satisfied that the compromise between the parties is a fair and reasonable resolution of a *bona fide* dispute between the parties. The parties indicate they have extensively investigated this case and conducted informal and formal fact discovery. [Doc. 99 at 2]. The Plaintiffs are represented in the litigation and the parties reached the Settlement Agreement through arms-length negotiation. Further, the Motion represents that the damages calculation tool used in the settlement was developed by Plaintiffs' counsel. [Doc. 99 at 2].

3

Likewise, the Court finds an award of attorney's fees to Plaintiffs' counsel in the amount of $281,000.00 to be reasonable. Plaintiffs' attorney J. Russ Bryant avers that his firm, Jackson, Shields, Yeiser, Holt, Owen, & Bryant and co-counsel Robert P. Williams spent approximately 800 attorney hours drafting the complaint and amended complaint; briefing conditional certification; investigating and analyzing the claims; traveling; communicating with clients, potential clients, and opposing counsel; evaluating data; formulating a sophisticated damages model; and negotiating with Defendant. If billed at the firm's lowest usual rate of $350 per hour for FLSA litigation, counsel indicates the fees would total approximately $280,000.00. This total for attorney' fees is roughly thirty-one (31%) percent of the gross settlement sum the Parties' have agreed to for a resolution of this matter. The Court finds that the allocation for attorneys' fees amounts to a reasonable estimate of the value of Plaintiffs' attorneys' services on an hourly basis and results obtained. The Court will therefore approve an award of $281,000.00 in attorneys' fees and $19,000 in costs.

### III. CONCLUSION

For the reasons explained above, the Joint Motion for Settlement Approval [Doc. 99] is **GRANTED IN PART**. It is further **ORDERED** as follows:

(1) The settlement of Plaintiffs' claims with Defendant, for $580,000.00 in compensatory damages for Plaintiffs who have settled and a service-recognition payment of $20,000 for Named Plaintiff, to be allocated as set forth in the Settlement Agreement and as detailed in this Order, is **APPROVED**;

(2) Plaintiff's counsel is **AWARDED** reasonable attorneys' fees and costs, including the costs of settlement administration, in the amount of $300,000.00, to be paid as set forth in the Settlement Agreement and as

4

detailed in the accompanying order; and

(3) The parties are **ORDERED** to file a joint stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on or before **January 18, 2021**.

**SO ORDERED** this 21st day of December, 2020.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE